**UNITED STATES of America, Plaintiff,**

v.

**William H. WEDDELL, Defendant,**

**and**

**Yankton Sioux Tribe, Marty, South Dakota, Garnishee.**

**No. Civ. 97–4132.**

United States District Court,
D. South Dakota,
Southern Division.

July 30, 1998.

LeAnn Larson LaFave, Sioux Falls, SD, for Plaintiff.

William H. Weddell, Wagner, SD, pro se.

### ORDER DENYING MOTION TO DISMISS GARNISHMENT

PIERSOL, District Judge.

[¶ 1] The Garnishee, Yankton Sioux Tribe, moves to dismiss this garnishment action against tribal member William H. Weddell on the basis of the Tribe's sovereign immunity. The government resists the motion. For the reasons stated below, the Court denies the motion to dismiss.

[¶ 2] It is well established that Indian tribes possess the same common law immunity from suit traditionally enjoyed by sovereign powers, but this aspect of tribal sovereignty, like all others, is subject to "the superior and plenary control of Congress." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978); *Val–U Constr. Co. v. Rosebud Sioux Tribe*, 146 F.3d 573, 574 (8th Cir.1998); *Dillon v. Yankton Sioux Tribe Housing Auth.*, to be reported at 144 F.3d 581, 582 (8th Cir.1998); *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 304 (8th Cir.1994). "Congress has the power to statutorily waive a tribe's sovereign immunity." *Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Community*, 991 F.2d 458, 462 (8th Cir.1993). The district court must tread lightly in the absence of clear indications of legislative intent to waive a tribe's sovereign immunity. *Id.* A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *Id.*

[¶ 3] The Court concludes that Congress unequivocally expressed a waiver of the Indian tribes' sovereign immunity in the clear and unambiguous language of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001–3308 (the Act), and that in this case the Yankton Sioux Tribe, as garnishee, must pay over to the federal government for payment of a debt owed to the United States the personal property in its possession in which defendant William H. Weddell has a nonexempt interest.

[¶ 4] Section 3002(7) of the Act defines a "garnishee" as "*a person* (other than the debtor) who has, or is reasonably thought to have, possession, custody, or control of any property in which the debtor has a substantial nonexempt interest, including any obligation due the debtor or to become due the debtor, and against whom a garnishment under section 3104 or 3205 is issued by a court." Section 3002(10) defines a "person" to include "a natural person (including an individual Indian), a corporation, a partnership, an unincorporated association, a trust, or an estate, or any other public or private entity, including a State or local government *or an Indian tribe.*" Section 3002(12) excludes from the definition of property subject to federal debt collection any property held in trust by the United States for the benefit of an Indian tribe or an individual Indian, and Indian lands which are subject to restrictions against alienation imposed by the United States.

[¶ 5] Reading these statutory provisions together, the clear language supports a conclusion that Congress waived the sovereign immunity of Indian tribes. The Yankton Sioux Tribe may be sued as a garnishee, just as other sovereigns—state or local govern-

ments—may be sued, and any property in which an individual Indian debtor has a non-exempt interest that is neither property held in trust nor real property with restrictions on alienation is subject to garnishment. *See Prairie Island Mdewakanton Sioux Indian Community,* 991 F.2d at 462 (holding that Hazardous Materials Transportation Act expressly subjected Indian tribes to Act's preemption rules); *Blue Legs v. United States Bureau of Indian Affairs,* 867 F.2d 1094, 1096–97 (8th Cir.1989) (holding, by reading definitional statutes together, that Resource Conservation and Recovery Act waived tribe's sovereign immunity).

[¶ 6]   Because the Court concludes on the basis of the express and unambiguous statutory language that Congress waived the Yankton Sioux Tribe's sovereign immunity in the Act, the Court need not consider whether the legislative history of the Act sheds any light on the issue presented.   Nonetheless, the Court observes that the legislative history of the Act cited in the government's brief at pages eight and nine supports the Court's legal conclusion.   Accordingly,

[¶ 7]   IT IS ORDERED that the Yankton Sioux Tribe's Motion To Dismiss Garnishment is denied.   (Doc. 18.)